UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY VROOMAN,

Plaintiff,

v.                                                     Civil Action No. _____

PERFORMANT RECOVERY, INC.

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Amy Vrooman, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Performant Recovery, Inc., (hereinafter "PRI") is a foreign business corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant PRI regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant PRI alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant(s)" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That upon information and belief, there are two individuals named Amy Vrooman, one of whom is the Plaintiff in this action. The other Amy Vrooman is not the Plaintiff in this action and is the alleged debtor.

10. That upon information and belief, debtor Amy Vrooman, not Plaintiff Amy Vrooman, incurred a student loan debt. This debt will be referred to as "the subject debt."

11. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief, debtor Amy Vrooman not the Plaintiff Amy Vrooman thereafter defaulted on the subject debt.

14. That upon information and belief, Defendant, PRI, was employed by American Student Assistance or the account holder to collect the subject debt.

15. That Plaintiff does not owe the alleged subject debt.

16. In or about November 30, 2018, after being notified by her employer that they had received an Order of Withholding from Earnings, Plaintiff contacted the Defendant PRI and informed them that she was not the debtor Amy Vrooman that owes the subject debt. During this conversation, Plaintiff confirmed that her birth date and social security number did not match the debtor Amy Vrooman and that she has never lived in Waterloo, NY.

17. Plaintiff never received a validation notice from Defendant after this conversation.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e2, 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt that Plaintiff does not owe.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and Defendant violated 15 U.S.C. §1692e(10) by serving a wage garnishment on Plaintiff's employer despite Plaintiff not owing the subject debt.

    C. Defendant violated 15 U.S.C. §1692g by not sending Plaintiff a validation notice.

21. That as a result of the Defendant PRI's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 27, 2019

Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

3